United States v. Thornhill

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         REENA RAGGI,
                    **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         **Appellee**,

         **-v.-**                                    15-2147

MOBUTU THORNHILL,
         **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            Andrew Patel, Esq.,
                          New York, NY.

FOR APPELLEE:             Rebecca Mermelstein (with Anna
                          M. Skotko on the brief),
                          Assistant United States
                          Attorneys, for Preet Bharara,
                          United States Attorney for the

1

Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant Mobutu Thornhill appeals from the judgment of conviction in the United States District Court for the Southern District of New York (Karas, <u>J.</u>), for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and (e). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Thornhill argues that the district court improperly allowed a lay witness to offer expert testimony concerning the identification of the weapon in violation of Rule 701 of the Federal Rules of Evidence. Because the defendant did not object in the district court, our review is limited to plain error. <u>See</u> <u>United States v. Edwards</u>, 342 F.3d 168, 179-80 (2d Cir. 2003).

A lay witness, with or without specialized knowledge, may testify to personal observations. <u>See</u> Fed. R. Evid. 602, 701. A witness is not offering opinion testimony unless the "personal perceptions [take the] form of inferences or conclusory opinions." <u>United States v. Garcia</u>, 413 F.3d 201, 211 (2d Cir. 2005). Here, the witness's testimony was based on his first-hand observations, *i.e.*, that he saw the defendant with what appeared to him to be a "22 long rifle target pistol." App'x at 191. The witness testified that he recognized the gun based on his previous work as a regiment weapons officer for an army unit in the Jamaica Defense Force. Because this testimony was based on his personal observations informed by his personal life experiences, it was appropriate lay testimony and did not require qualification under Rule 702. <u>See</u> Fed. R. Evid. 701 advisory committee's note to 2000 amendment (observing that lay witness could testify that substance appeared to be narcotic based on personal life experience; <u>United States v. Brewer</u>, 36 F.3d 266, 271 (2d Cir. 1994) (approvingly referencing lay witness describing

fire arm as "machine gun").  Accordingly, the defendant's challenge to the admission of this testimony fails.

For the foregoing reasons, and finding no merit in the defendant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK